IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH PALMER<br>2604 Edgemont St.<br>Philadelphia, PA 19125<br><br>Plaintiff,<br><br>v.<br><br>BAYVIEW ASSET MANAGEMENT, LLC<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br>   and<br>BAYVIEW LOAN SERVICING, LLC.<br>4425 Ponce de Leon Blvd. 5th Floor<br>Coral Gables, FL 33146<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO:<br><br>COMPLAINT AND JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.    Plaintiff has initiated the instant collective action to redress violations by Bayview Asset Management, LLC and Bayview Loan Servicing, LLC (*hereinafter* collectively referred to as "Defendants" unless indicated otherwise) of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), the Pennsylvania Human Relations Act ("PHRA")[1], and other applicable state wage and

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

1

hour laws. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Bayview Asset Management, LLC. (*hereinafter* "Defendant BAM") is a full service mortgage investment firm that is headquartered at the above-caption address.

10. Defendant Bayview Loan Servicing, LLC. (*hereinafter* "Defendant BLS") is also headquartered at the above-captioned address and operates as a mortgage loan servicer and debt collector focusing on servicing residential and small balance commercial mortgage loans.

11. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was employed with Defendants at their Fort Washington, PA location from in or about March of 2014 until in or about August of 2017.

3

15. From the date of her hire through her termination from Defendants, Plaintiff was employed as an Asset Manager.

16. While employed with Defendants, Plaintiff's job responsibilities consisted of providing assistance to upper management and/or Defendants' underwriting department with modifications, short sales, and other delinquent portfolios through data entry, handling in-bound and out-bound collection calls, and gathering documents (necessary to complete short sales, modifications, and/or forbearances) from borrowers.

17. Plaintiff did not have responsibilities and/or the ability to supervise, discipline, evaluate, hire or terminate employees of Defendants during their respective tenures with Defendants.

18. Plaintiff also did not have responsibilities to make management or business decisions for Defendants relating to purchasing assets, marketing, sales/financial targets, or other company financial decisions.

19. During their employment, Plaintiff did not have the ability to approve and/or finalize loan modifications, short sales, forbearances, or any other decisions regarding delinquent portfolios without clear consent and/or approval from management or Defendants' underwriting department.

20. When Plaintiff was first hired by Defendants, she was paid an hourly rate of $19.63 per hour.

21. Approximately 3-4 months after Plaintiff began her employment with Defendants as an hourly employee, Defendants converted Plaintiff to a salary employee without actually changing any of her job duties.

22. Throughout the entire period of her employment (including the time period when she was considered and hourly employee and the time period when she was considered a "salary" employee, Plaintiff worked well over 40 hours per week and often times worked approximately 10 hours of overtime per week.

23. Regardless of whether she was labeled an hourly employee or a "salary" employee, Plaintiff was never paid time and one-half for any hours that she worked over forty (40) hours per week.

24. Defendants perpetuated a system whereby they intentionally failed to abide by overtime laws, which is evidenced by:

    a. Defendants intentionally mischaracterized Plaintiff as an "exempt" employee solely to avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings;

    b. Defendants failed to keep proper records of all hours worked by Plaintiff; and

    c. Defendants intentionally misrepresented the amount of hours actually worked by Plaintiff on her bi-weekly paychecks;

    d. Defendants would clock Plaintiff out at certain times in order to make it appear that she only worked 40 hours per week (regardless of how many hours she actually worked);

    e. Defendants would clock Plaintiff out for lunch, despite the fact that on many occasions she never took a lunch.

25. Upon information and belief, Defendants maintain across-the-board unlawful pay policies and practices designed and orchestrated to evade federal wage laws and have failed to pay Plaintiff proper overtime wages.

26. In addition to not being paid proper overtime wages for hours she worked in excess of 40 hours per week, Plaintiff was also subjected to discriminatory treatment based on her gender while employed with Defendants.

27. During her employment with Defendants, Plaintiff was subjected to discriminatory and disparate treatment based on her gender by male management, including but not limited to Dan LaPorta and Luis Mena.

28. For example, unlike her male co-worker's, Plaintiff was treated in a rude and demeaning manner, pretextually reprimanded, had policies selectively enforced against her, and yelled at her for doing things that she was instructed to do by said management.

29. Plaintiff observed other females also being treated in the same manner; however, her male management did not subject Plaintiff's male co-workers to such treatment.

30. Plaintiff was also subjected to discriminatory comments related to her gender while employed with Defendants. For instance, on one occasion, Mena called Plaintiff in his office and stated "we can't put woman on Dan's [Laporta] team". When Plaintiff asked why a woman could not be placed on Laporta's team, he replied by stating "they all cry, go home and we never hear from them again."

31. As a result of the gender-based discrimination that she was being subjected to and observing within the workplace, Plaintiff complained to Defendants' management, including but not limited to Defendants' Human Resources Department on several occasions in advance on her termination.

32. Despite complaining about gender discrimination on multiple occasions in advance of her termination (discussed *supra*), Plaintiff aforesaid concerns were never properly investigated or resolved.

6

33. Instead, approximately two (2) weeks after her last complaint of gender discrimination, Plaintiff was terminated from her employment with Defendants.

34. The purported reason given for Plaintiff's termination was that she had a complaint made against her. However, when Plaintiff asked Defendants' management to identify who made the complaint or what the complaint was about, they refused to provide her with any detail.

35. Plaintiff believes and therefore avers that she was terminated because of her gender and/or her complaints of gender discrimination.

## Count I
## Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation)
### -Against Both Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. At all times relevant herein, Defendants has and continue to be an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

38. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiff.

39. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

40. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

41. At all times during his employment with Defendants, Plaintiff was "non-exempt" employee within the meaning of the FLSA.

42. Defendants' violations of the FLSA as to Plaintiff include, but are not limited to:

   a. Not paying them at least 1.5 times their regular hourly rate of pay for all hours Plaintiff worked in excess of forty per work week;

   b. Not using proper record keeping mandated by the Department of Labor to ensure that she paid for each and every hour she worked;

   c. Intentionally mischaracterizing Plaintiff as an "exempt" employee solely to avoid state and/or federal wage obligations and cheat Plaintiff out of legally entitled earnings;

   d. Misrepresenting the amount of hours actually worked by Plaintiff on her bi-weekly paychecks;

   e. Clocking Plaintiff out at certain times in order to make it appear that she only worked 40 hours per week (regardless of how many hours she actually worked); and

   f. Clocking Plaintiff out for lunch, despite the fact that on many occasions she never took a lunch.

43. As a result of Defendants' failure to pay Plaintiff the wages and overtime compensation due her, Defendants violated the FLSA, causing Plaintiff to suffer damages.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime and Minimum Wage Violations)**
**- Against Both Defendants -**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Defendants' failure to pay overtime in the aforesaid manners also constitutes a violation of the PMWA.

8

## Count III
## Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")
## (43 P.S. 260.3(a)-(b))
## - Against Both Defendants -

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services she performed during her employment (including after hours, on weekends, and during lunch).

48. Defendants failed to compensate Plaintiff for all wages owed during her employment.

49. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked).

50. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

## Count IV
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
## ([1] Gender Discrimination; [2] Hostile Work Environment; [3] Retaliation)
## - Against Both Defendants -

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff was subjected to a hostile work environment during her period of employment due to her gender and/or complaints of gender discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

53. Plaintiff made several complaints of gender discrimination to Defendants' management, including but not limited to Defendants' Human Resources Department in advance of her termination; however, her concerns were never properly addressed or resolved.

54. Plaintiff was terminated in close proximity to her last complaint of gender discrimination for completely pretextual reasons.

55. Plaintiff believes and therefore avers that she was terminated from Defendants because of her gender and/or complaints of gender discrimination.

56. Defendants' actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and in violation of state and federal wage laws and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

(2) Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

(3) Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

(4)     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

(5)     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

(6)     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

(7)     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Date: March 26, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Elizabeth Palmer                                 :     CIVIL ACTION
                                                 :
           v.                                    :
                                                 :
Bayview Asset Management, LLC, et al.            :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 3/28/2018 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2604 Edgemont Street, Philadelphia, PA 19125

Address of Defendant: 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7.   Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3/28/2018      _____     ARK2484
                      Attorney-at-Law     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/28/2018      _____     ARK2484
                      Attorney-at-Law     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PALMER, ELIZABETH

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
BAYVIEW ASSET MANAGEMENT, LLC, ET AL.

County of Residence of First Listed Defendant: Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201); Title VII (42USC2000)
Brief description of cause:
Violations of the FLSA, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 3/28/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[Print] [Save As...] [Reset]